

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

ENTERED
08/25/2014

| | | |
|---|---|---|
| IN RE: | § | |
| YDALIA RODRIGUEZ, | § | CASE NO: 02-10605 |
| Debtor. | § | |
| | § | CHAPTER 13 |
| | § | |
| YDALIA RODRIGUEZ, *et al*, | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | ADVERSARY NO. 08-01004 |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## <u>MEMORANDUM OPINION</u>

This class action lawsuit was initiated on February 26, 2008, by Ydalia Rodriguez, Maria and David Herrera and Lucy and Alfonso Moreno. Plaintiffs are former chapter 13 debtors with mortgage contracts serviced by Countrywide Home Loans, Inc. (now BAC Home Loans Servicing, LP). ECF No. 352 at 2. The suit was precipitated by Countrywide's attempt to foreclose on the Plaintiffs' homes after Plaintiffs cured their pre-petition mortgage arrearages and successfully emerged from bankruptcy. ECF No. 352 at 2.

The named Plaintiffs had filed chapter 13 bankruptcy petitions in the Southern District of Texas. ECF No. 127 at 8. Plaintiffs' chapter 13 plans were confirmed and each Plaintiff obtained a chapter 13 discharge. ECF No. 127 at 8. After obtaining their discharges, Countrywide sent Plaintiffs notices of default stating that Plaintiffs owed anywhere from $3,000.00 to more than $10,000.00 in past due payments, fees and costs. ECF No. 127 at 8.

Plaintiffs claimed that Countrywide violated Federal Rule of Bankruptcy Procedure 2016(a), which requires any party seeking compensation from a debtor's estate to file an

application with the court delineating the source of the costs and the amounts requested. Countrywide argued that Rule 2016(a) was inapplicable to acts to collect from post-confirmation income of a debtor because such income was not estate property. Countrywide additionally argued that Rule 2016 was inapplicable post-discharge even if Countrywide was attempting to collect fees that had accrued during the pendency of a debtor's case.

The Court held that post-confirmation income was, in fact, property of the estate based on its use of the reconciliation approach to interpret 11 U.S.C. §§ 1327(b) and 1306(a)(2). *See* ECF No. 320 at 25-32. Because post-confirmation income is property of the estate, collection from post-confirmation income is governed by Rule 2016(a).

The Court further held that if Countrywide were permitted to accrue fees during a chapter 13 case and wait until after a debtor obtained a discharge to collect such fees, debtors would be precluded from obtaining a fresh start by obviating a debtor's ability to implement § 1322(b)(5). Therefore even if Countrywide were technically correct, the Court held that such a practice is an abuse of process subject to 11 U.S.C. § 105. ECF No. 320 at 35. Based on these findings, the Court certified a Southern District of Texas class entitled to injunctive relief under Rule 23(b)(2). The class certification was affirmed by the Fifth Circuit. Following the Fifth Circuit's affirmance, the Court issued an opinion defining the types of fees that are governed by Rule 2016(a). The only issue left for resolution is whether, and in what amount, Plaintiffs' counsel should be awarded its attorney's fees.

Plaintiffs were represented by three law firms: Armstrong Kellett Bartholow P.C.;[1] The Stone Law Firm, P.C. and Klein Kavanagh Costello, LLP. Plaintiffs' counsel filed a joint Fee Application and Motion for Award of Class Counsel's Fees and Reimbursement of Expenses on

---

[1] Prior to Ms. Kellett joining Armstrong Kellett Bartholow, Plaintiffs were represented by The Kellett Law Firm, a Professional Corporation.

July 10, 2013. ECF No. 483. The Stone Law Firm sought a total of $166,469.20 in fees, and $22,187.12 in expenses. The Kellett Law Firm sought $1,160,602.00 in fees, and $56,177.31 in expenses. Armstrong Kellett Bartholow sought $484,568.75 in fees, and $8,195.19 in expenses. Klein Kavanagh Costello sought $765,050.84 in fees, and $21,946.00 in expenses. Armstrong Kellett Bartholow and The Stone Law Firm filed their Supplemental Fee Application on January 9, 2014. ECF No. 537. Armstrong Kellett Bartholow sought an additional $277,605.00 in fees and $14,131.78 in expenses incurred through January 7, 2014. The Stone Law Firm sought an additional $34,467.25 in fees, and $375.59 in expenses.

The Stone Law Firm and Klein Kavanagh and Costello have settled with Countrywide regarding their fee applications. These settlements were approved by the Court on May 23, 2014. ECF No. 588.

A three day trial was held on January 13-15, 2014 regarding Armstrong Kellett Bartholow and The Kellett Law Firm's fees. Closing arguments were heard on May 16, 2014.

For the reasons set forth below, The Kellett Law Firm is awarded $758,762.80 in legal fees and $36,726.85 in expenses. Armstrong Kellett Bartholow is awarded $426,010.60 in legal fees and $12,479.47 in expenses.

## Procedural Background

In order to prevent the post-discharge foreclosures on their homes, Plaintiffs filed an expedited motion to reopen Ms. Rodriguez's bankruptcy case on January 20, 2008. Case No. 02-10605, ECF No. 51. Countrywide filed its opposition on February 8, 2008. Case No. 02-10605, ECF No. 56. The Court granted the motion to reopen on February 13, 2008. Case No. 02-10605, ECF No. 64.

Plaintiffs filed this adversary proceeding and their Motion for Temporary Restraining Order on February 26, 2008. ECF Nos. 1 & 2. Plaintiffs sought declaratory relief, actual and punitive damages, attorneys' fees, and sanctions for civil contempt. Plaintiffs sought to enjoin Countrywide from the complained of accounting practices and foreclosing on Plaintiffs' and putative class members' homes. Plaintiffs filed their Motion for Class Certification on February 28, 2008. ECF No. 6. Plaintiffs sought certification of two classes, the Chapter 13 Class and the Unapproved Fees Class.[2] At a hearing on March 3, 2008, Countrywide agreed to postpone the foreclosure on 104 homes obviating the need for the scheduled TRO hearing. On March 12, 2008, Plaintiffs and Countrywide entered into an Agreed Stipulation. ECF No. 40. Countrywide agreed that it would not foreclose on any real property of any person satisfying the criteria enumerated in the stipulation prior to August 5, 2008.[3]

On April 25, 2008, Countrywide filed its motion to dismiss and its motion to withdraw the reference. ECF Nos. 63 & 64. Countrywide filed an amended motion to withdraw the reference on June 23, 2008. ECF No. 81.

Countrywide's motion to dismiss asserted three main arguments: (1) the Court lacked subject matter jurisdiction; (2) there were no private causes of action for violations of the Bankruptcy Code provisions or Bankruptcy Rules that Plaintiffs allege were violated; and (3) Plaintiffs failed to state a claim for violation of the Bankruptcy Code or Rules. The Court bifurcated Countrywide's motion to dismiss. The Court treated the issues of subject matter jurisdiction and whether there was a private cause of action as a motion to dismiss. Because the Court would need to consider the Plaintiffs' account histories to determine whether

---

[2] At the March 27, 2008 hearing, the Court announced that it would abate the request to certify a nationwide class until after it determined whether a Southern District of Texas class would be certified.

[3] On May 15, 2008, the parties entered into a second Agreed Stipulation that extended the terms of the first Stipulation until February 2, 2009.

Countrywide's actions violated the Code and Rules, this was treated as a motion for summary judgment.

On September 18, 2008, the Court issued its Memorandum Opinion on Countrywide's motion to dismiss. ECF No. 127. The Court found that it had subject matter jurisdiction over Plaintiffs claims, and determined that Plaintiffs could bring a private right of action for Countrywide's alleged violations of the Bankruptcy Code and Rules.

On March 6, 2009, the Court issued its report and recommendation, recommending denial of Countrywide's motion to withdraw the reference. ECF No. 227. The District Court issued its Memorandum Opinion denying Countrywide's motion to withdraw the reference on December 3, 2009. Case No. 1:09-cv-00070, ECF No. 15.

On December 9, 2009, this Court issued its Memorandum Opinion granting, in part, and denying, in part, Countrywide's Motion for Summary Judgment. The Court granted summary judgment on: (1) claims for violation of the discharge injunction; (2) claims for violation of the automatic stay; and (3) claims for breach of contract. The Court denied summary judgment on: (1) claims for violation of the chapter 13 plans and orders confirming the chapter 13 plans; and (2) claims for violation of 11 U.S.C. § 506(b) or Rule 2016(a). Regarding claims for damages, the Court granted summary judgment to the extent of actual damages alleged from successful foreclosures since no foreclosures actually occurred. The Court denied summary judgment with respect to all other damages.

On July 21, 2010, the Court issued its Memorandum Opinion Granting, In Part, and Denying, In Part, Plaintiffs' Motion for Class Certification.

The Court narrowed the class to include only those individuals:

> (a) who owed funds on a Countrywide serviced note as of February 26, 2008;

(b) who have not fully paid the relevant mortgage note, fees, or costs owed to Countrywide, its successors and assigns;

(c) who filed a chapter 13 proceeding in the United States Bankruptcy Court for the Southern District of Texas on or before October 15, 2005 and have confirmed chapter 13 plans that treated mortgages served by Countrywide; and

(d) as to whom Countrywide has assessed a fee or cost governed by Rule 2016(a), attributable to a time after the filing of a bankruptcy petition and before the date on which the individual received a chapter 13 discharge, unless such fee or cost was approved in a Bankruptcy Court order.

ECF No. 352 at 23-24. The Court found that the defined class met all of Rule 23(a)'s prerequisites for certification. The Court certified Plaintiffs' claims for injunctive relief pursuant to Rule 23(b)(2), and denied certification on all damages claims, finding that class cohesiveness would be lost if monetary damages were considered. The Court's class certification Opinion was affirmed by the Fifth Circuit on September 14, 2012. ECF No. 400.

On January 21, 2013, Plaintiffs filed their Motion for Summary Judgment. ECF No. 408. The motion sought resolution of three remaining legal issues: (1) whether Rule 2016(a) applies to expenses, such as inspection fees, as well as to legal fees; (2) whether fees and expenses imposed following dismissal are subject to Rule 2016(a) in a situation where a debtor's case has been dismissed, but the order of dismissal is vacated after the fees were incurred; and (3) whether Plaintiffs were entitled to their legal fees and costs associated with bringing the suit.

On April 23, 2013, the Court issued its Memorandum Opinion on Motion for Summary Judgment. ECF No. 438. The Court held that any fees that are the result of a tangible cost incurred by Countrywide to protect its interest in its collateral or its rights under a note are governed by Rule 2016(a). ECF No. 438 at 10-11. The Court held that under this definition, inspection fees are governed by Rule 2016(a). Any fees that are not conditioned on the

incurrence of an expense are not reimbursable expenses governed by Rule 2016(a). The Court held that under this definition, late fees are not governed by Rule 2016(a). The Court held that Rule 2016(a) applies to fees incurred between dismissal and vacatur of a dismissal order. Lastly, the Court denied summary judgment with respect to Plaintiffs' counsel's legal fees. The Court held that while there is no explicit statutory basis for awarding Plaintiffs' counsel's legal fees, disobedience of a court order is sufficient grounds for awarding legal fees, regardless of whether Countrywide acted in bad faith. ECF No. 438 at 13.

**Analysis**

**I.       Entitlement to Fees**

Countrywide argues that Plaintiffs' counsel is not entitled to fees because there is no exception to the American Rule against fee-shifting. Countrywide acknowledges several exceptions to the American Rule, including where an award of fees will serve a common benefit which spreads the cost of the litigation to those persons benefiting from it; and where a statute provides for fee-shifting. The Court agrees that counsel is not entitled to fees under either exception cited by Countrywide. *See* ECF No. 438 at 13. However these are not the only exceptions to the American Rule. The Supreme Court has long recognized a common-law exception to the American Rule for willful disobedience of a court order, or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758, 188 L. Ed. 2d 816 (2014). Indeed, counsel asserts that the significant amount of attorney time that this case required was the result of Countrywide's scorched earth, bad faith litigation strategy, which forced Plaintiffs' counsel to perform significantly more work than was necessary.

This case was hard fought on both sides. Both Plaintiffs and Defendants vigorously defended their respective positions; however counsel has failed to show that fees should be awarded based on Defendants' bad faith litigation strategy. Nevertheless, the Court need not (and does not) make a finding of bad faith to award legal fees.

11 U.S.C. § 105(a) provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). As the Court has already held, § 105 can be used to enforce substantive rights granted in the Bankruptcy Code. ECF No. 127 at 37. Section 105(a) provides that a court can issue any judgment necessary or appropriate to carry out the requirements of the code. ECF No. 127 at 34. Any judgment would include any remedy available in a private cause of action, including attorney's fees. ECF No. 127 at 34.

Bankruptcy Code provisions, Bankruptcy Rules and court orders may not be violated without recourse. When Countrywide billed Plaintiffs for a reimbursable fee during the pendency of their bankruptcy cases, and failed to seek Court approval either before or after the case was closed, it violated Rule 2016(a). Billing Plaintiffs in violation of Rule 2016(a) violated the Court's orders confirming Plaintiff's chapter 13 plans. Countrywide may have genuinely believed that it was not committing a violation of Rule 2016(a) or any Court order when it imposed and assessed fees in the manner that it did. However, whether Countrywide held a good faith belief that it was acting in accordance with the law is not dispositive.

Violation of a court order or the Bankruptcy Code or Rules does not require intent. *See,*
*e.g., Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355 (5th Cir. 2008) (willful stay
violation does not require specific intent; whether party has good faith belief that it had a right to
property is irrelevant to whether the act was willful or whether compensation must be awarded);
*see also In re Schuessler*, 386 B.R. 458, 464 (Bankr. S.D.N.Y. 2008) (court has a duty to rectify
abuse of process pursuant to 11 U.S.C. § 105(a), regardless of whether the abuse is the result of
intentional conduct). Countrywide cannot avoid responsibility even if it acted without bad faith.
To hold otherwise would undermine the Bankruptcy Code and Rules, essentially rendering them
useless. When the potential consequences of a violation are dire, the need for relief for violation
of a court order is obviously enhanced.

Compensating for legal fees is an appropriate remedy for Countrywide's violation of
Rule 2016(a) and the Court's orders confirming the Plaintiffs' chapter 13 plans. Without Court
intervention, many Plaintiffs would have likely lost their homes, or would have been forced to
pay unauthorized fees in order to avoid such a result. Countrywide vigorously defended its
position that its fee collection practices did not violate Rule 2016(a) or any Court order. Without
the efforts of Plaintiffs' counsel, Countrywide's violations could have continued indefinitely.

## II.     Determining Counsel's Reasonable Fees

### A.     Lodestar & *Johnson* Factors

In general, the Fifth Circuit employs the lodestar method to determine the reasonableness
of attorney's fees. *In re Skyport Global Commc'ns, Inc.*, 450 B.R. 637, 647
(Bankr.S.D.Tex.2011) (citing *Cahill v. Walker & Patterson, P.C. (In re Cahill)*, 428, F.3d 536,
539–40) (5th Cir.2005)). Courts compute the lodestar fee by multiplying the number of hours an
attorney would reasonably spend for the same type of work by the prevailing hourly rate in the

community. *In re Skyport Global Commc'ns, Inc.*, 450 B.R. at 647. Courts may then adjust the lodestar up or down based on consideration of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc. Id.* The burden is on the party seeking payment of attorney's fees to show that the hours requested are reasonable. *Id.*

The twelve *Johnson* factors that courts must consider in determining reasonableness of fees are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the required skill to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). The lodestar method is presumed to account for four of the twelve *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation. *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 659 (5th Cir. 2012), as revised (Aug. 14, 2012).

### B.    Calculating the Prevailing Hourly Rate

Reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The burden is on the fee applicant to produce evidence that the rates are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Id.* Counsel asserts that The Kellett Law Firm and Armstrong Kellett

Bartholow should be compensated at reasonable hourly rates for Dallas.  Countrywide asserts that counsel should be compensated at reasonable hourly rates for the Rio Grande Valley.

The Fifth Circuit has held that out-of-town counsel may be entitled to the rates they charge in their home districts under certain limited circumstances.  *Id.* at 382.  Courts must first determine whether hiring out-of-town counsel was reasonable in the first instance, and then determine whether the rates sought by the out-of-town counsel are reasonable for an attorney of his or her degree of skill, experience, and reputation.  *Id.*  This two-prong test should be applied cautiously, with the Fifth Circuit noting that even in cases where out-of-town counsel was found to be necessary, reduced fees were often awarded.  *Id.*  Where there is abundant and uncontroverted evidence showing the necessity of out-of-town counsel, such counsel's "home" rates should be considered as a starting point for calculating the lodestar amount.  *Id.*

In *McClain*, the court found that hiring out-of-town counsel was reasonable where it was clearly established that no lawyers in Texas were willing or able to commit the time and resources necessary to associate as co-counsel.  *McClain v. Lufkin Indus., Inc.*, 649 F.3d at 378. In *In re ASARCO, LLC*, the court's finding that a local firm could charge national rates was based on its determination that: (1) there were no firms of the size and experience capable of handling the case in Corpus Christi; and (2) there were no individual lawyers in Corpus Christi capable of representing the debtor.  *In re ASARCO, LLC*, 2011 WL 2975691, at *15 (Bankr. S.D. Tex. July 20, 2011).

At the fee trial, counsel presented testimony of two expert witnesses, both attorneys in the Rio Grande Valley, to support its assertion that hiring out-of-town counsel was reasonable. Michael Cowen is the owner of the Cowen Law Group, a law firm in Brownsville, Texas.  His principal practice area is civil litigation, but his firm also has a bankruptcy group.  Mr. Cowen

has been practicing in the Valley for almost 18 years.  Richard Schell has been practicing in the Rio Grande Valley since 1983, and has both a commercial and transactional practice.

Mr. Cowen testified that he knew of no bankruptcy attorney or any litigator in the Rio Grande Valley who would have taken this case.  He testified that this type of class action would require an expertise that very few attorneys have and that the opportunity cost of not being compensated for several years would also be a large deterrent.  Mr. Cowen believes that he possesses the skill to handle the case, but would not take on such a case because of the time and overhead it would require.

Mr. Schell testified that he believed there may be one or two attorneys in the Valley that have the legal skills and experience to handle a consumer class action.  He believed that both he and Mr. Cowen possess the knowledge, skill and experience to handle a consumer class action. Mr. Schell testified that he did not have the resources to take the case.  Mr. Schell also testified that he believed it would be exceedingly difficult for any of the firms or attorneys in solo practice that he is aware of in the Valley to have undertaken this litigation.  Mr. Schell would not impugn the skills or intellect of lawyers in the Valley, as there are very good attorneys in the Valley.  However, he did not believe that any lawyers in the Valley have the monetary or staffing resources, or the time to prosecute a multi-year class action suit that requires the expenditure of millions of dollars.

Countrywide presented the expert testimony of Eduardo Rodriguez.  Mr. Rodriguez is a partner at Atlas, Hall and Rodriguez in Brownsville, Texas.  Prior to joining Atlas, Hall and Rodriguez, Mr. Rodriguez was a partner at Rodriguez, Colvin, Chaney and Saenz. He served as the managing partner of this firm for 20 years.  Mr. Rodriguez has been practicing law since 1968 and in that time, he has tried in excess of 300 cases.  Mr. Rodriguez served as the President

of the State Bar of Texas in 2005. He also served on the State Bar's grievance committee for District 12(b), which encompasses the Rio Grande Valley. His testimony was wholly credible.

Mr. Rodriguez was not permitted to testify regarding whether there were any attorneys in the Valley that were qualified to take this case. He did testify regarding the reasonable rates in the Valley and the reasonableness of Plaintiffs' counsel's rates. Mr. Rodriguez testified that the rate for senior litigators is approximately $300.00 per hour or less; the rate for litigators who have been practicing for about 15 years is approximately $250.00 to $265.00 per hour; the rate for litigators who have been practicing between 5 to 10 years is between approximately $225.00 and $250.00 per hour; and that rates for younger associates can be as low as $175.00 per hour.

Mr. Rodriguez testified that Plaintiffs' counsel's rates were unreasonable for the Rio Grande Valley. He testified that Ms. Kellett's rate should be between $275.00 and $325.00 per hour; and Mr. Bartholow's rate should be $250.00 per hour, rather than $350.00 per hour.

Ms. Kellett also testified with respect to her rates and qualifications. Ms. Kellett testified that she has been practicing law for 27 years and specializes in consumer class action litigation. She began practicing in the area of consumer financial litigation, on the defense side, in 1994 when she served as assistant general counsel at the Associates (now a subsidiary of Citicorp). At the Associates, she was in charge of consumer financial services litigation against the company both in state and federal courts across the country. She managed the outside counsel, would interview witnesses, instruct discovery requests, coordinate document production and direct mediation. Since 2000, she has done consumer financial services litigation on the plaintiffs' side. After leaving the Associates, Ms. Kellett opened The Kellett Law Firm. The primary nature of her practice was consumer financial services litigation and bankruptcy.

Ms. Kellett's class action experience included two class action cases in Boston, some additional cases in the Southern District of Texas and two cases in the Eastern District of Texas. All of the other class action cases Ms. Kellett was involved in settled, except for this case.[4]  Ms. Kellett began practicing with Armstrong Kellett Bartholow in January, 2010.   She now exclusively practices consumer financial services litigation on the plaintiffs' side.

Ms. Kellett charged $400.00 per hour in 2008 through 2010; $450.00 per hour in 2011 and 2012; and $500.00 per hour in 2013.[5]  Ms. Kellett testified that she believed the rates were reasonable for Dallas. She testified that the rates are commensurate with the rates she charges most of her clients.   She testified that because she practices in Dallas she knows what other bankruptcy lawyers charge in the Dallas area.  She has also reviewed fee applications in some of the chapter 11 cases she is interested in and has reviewed surveys of what consumer lawyers charge.  Countrywide offered no evidence to refute the reasonableness of Ms. Kellett's rate in the Dallas market.

Based on the evidence presented, it was reasonable to hire out-of-town counsel in this case.   There was credible evidence from two lawyers who have been practicing in the Rio Grande Valley for many years that while there are at least several skilled lawyers who were capable of taking this case, they knew of none that would have been willing to do so. Countrywide presented no contrary evidence.  Because the evidence shows that there were no lawyers in the Valley willing to take the case, it was reasonable for Plaintiffs to retain out-of-town counsel.

---

[4] At the time of the trial, Ms. Kellett was serving as counsel in two other pending class actions.

[5] There was no testimony at trial regarding the reasonableness of the rates of other members of the Kellett Law Firm or Armstrong Kellett Bartholow who worked on this case. Countrywide provided no evidence to rebut the time entries submitted with the fee application or Ms. Kellett's supporting affidavit. Accordingly, the Court assumes that there is no dispute regarding the reasonableness of the rates of other professionals.

The second part of the inquiry is whether Ms. Kellett's rates were reasonable for an attorney of her degree of skill, experience, and reputation. Based on the evidence, Ms. Kellett's rates were commensurate with the reasonable rates charged by a qualified Dallas litigator. These rates should be used as the starting point for determining the reasonableness of counsel's rate. This case presented a significant degree of difficulty which should be considered in determining the reasonableness of counsel's rates. However, much of the litigation was not novel, which should also be considered. Viewing the fee application and the case as a whole, the Court finds that there was a significant degree of inefficiency in handling the litigation which justifies a reduction. As set forth below, the Court adopts a 20% reduction. It does not matter whether the reduction is in rate or in hours; the result is the same. The Court will provide a few illustrations of inefficient lawyering.

Prior to taking this case, Ms. Kellett handled similar class actions before this Court. For example, in *In re Cano*, Ms. Kellett brought claims for violation of the discharge injunction and the automatic stay. There the Court held that the lender's alleged misallocation of fees and costs to debtor's accounts did not violate the automatic stay; and lender did not violate the discharge injunction in collecting fees and costs. *In re Cano*, 410 B.R. 506 (Bankr. S.D. Tex. 2009). Between October 1 and October 19, 2009, Plaintiffs' counsel spent at least 118 hours drafting a 39 page response to Countrywide's motion for summary judgment addressing many of the same issues addressed in *Cano*. ECF No. 292. Counsel's allocation of 118 hours is not justified in light of the fact that she had performed extremely similar work in the past. Moreover, the brief filed in this case regurgitated many arguments that were rejected in *Cano*. The new brief shed no new light on the matters on which Plaintiffs' counsel had been unsuccessful in the *Cano* case.

Between November 7, 2009 and December 14, 2009, Plaintiffs' counsel spent approximately 383 hours preparing for the three-day class certification hearing. Ms. Kellett has 28 years of experience as an attorney and has spent a combined 20 years practicing consumer financial services litigation. Ms. Kellett also represents that she specializes in consumer class action litigation and has been representing consumer class action plaintiffs since 2000. The amount of time spent to prepare for the class certification hearing was unreasonable in light of Ms. Kellett's qualifications.

Any award will be reduced by 20% to reflect the pervasive inefficiencies in the case. The 20% will be taken from the total after accounting for the reductions discussed below.

### C.   Calculating the Reasonable Hours

The burden is on the party seeking payment of attorneys' fees to show that the hours requested are reasonable. *In re Skyport Global Commc'ns, Inc.,* 450 B.R. at 647. The moving party must submit sufficient documentation to meet its burden of proof. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995). This normally requires a party to produce contemporaneous billing records or other sufficient documentation. *Id.* Counsel provided ample documentation and testimony to support an award of fees. However, the Court will make deductions pursuant to the following discussion.

### a.   Disallowance of fees for issues for which Plaintiffs did not prevail

As discussed above, there were many issues on which Plaintiffs did not prevail. At the summary judgment stage, the Court granted summary judgment in Countrywide's favor for (1) claims for violation of the discharge injunction; (2) claims for violation of the automatic stay; and (3) claims for breach of contract. The Court also partially granted summary judgment on

Plaintiffs' claim for damages. Additionally, the Court denied class certification on all damages claims.

Counsel did not differentiate between time spent on issues for which the Plaintiffs prevailed and issues for which they did not, and for most entries it is not possible to ascertain how much time was spent on each. The Court estimates that no more than 15% of the time could be allocated solely to issues on which Plaintiffs' did not prevail. Had Plaintiffs' counsel only worked on issues for which Plaintiffs did prevail, counsel would still have billed at least 85% of the time submitted.

However the Court must also take into consideration the fact that the billing entries do not provide any allocation between winning and losing arguments and claims. Because counsel bears the burden, it is proper for the Court to construe such ambiguity in Countrywide's favor. Where a time entry is ambiguous, the Court will make a reduction of 25% to account for issues on which Plaintiffs did not prevail.[6]

Of course, if a different allocation was appropriate, the Court made such an allocation. For several entries the Court determined that a 50% allocation was more indicative of the time spent on issues for which Plaintiffs did not prevail. *See* Appendix A. A total of $189,068.50 is disallowed for issues on which Plaintiffs did not prevail.

### b.    Travel

The Fifth Circuit has recognized that there is not a consensus regarding the billing of travel time under 11 U.S.C. § 330. *In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008). The only principle that is eminently clear is that courts have broad discretion in awarding fees. *Id.* Indeed, courts have taken varying approaches regarding time billed for travel. *See,*

---

[6] Appendix A, attached to this Opinion, provides a detailed account of each instance where the Court disallowed or reduced specific time entries.

e.g., *Heliflight, Inc. v. Bell/Agusta Aerospace Co. LLC*, 4:06-CV-425-A, 2007 WL 4373259 (N.D. Tex. Dec. 12, 2007) (reduced billing for travel time where thousands of dollars billed for travel time; court not inclined to saddle defendants with billings for travel time at regular hourly rate); *see also In re Auto. Warranty Corp.*, 138 B.R. 72, 78 (Bankr. D. Colo. 1991) (inappropriate to bill for unproductive travel time at full hourly rate; allowing travel at one-half normal rate is more than charitable); *In re Braddy*, 195 B.R. 365, 367 (Bankr. E.D. Mich. 1996) (compensation for travel allowed at full rate where applicant actually spent time he claims to have spent on travel; applicant's travel and attendance was both necessary and beneficial; travel performed in a reasonable amount of time; and customary in area to charge the full hourly rate for travel); *In re Seneca Oil Co.*, 65 B.R. 902, 909 (Bankr. W.D. Okla. 1986) (unproductive travel time should not be billed—only portion of travel time actually used to administer necessary services to a client will be compensated).

Billing travel time at 50% of each professional's normal rate is reasonable in this instance. In this case, there were some instances where a professional purported to be working while traveling, but in most instances, the professional did not purport to be working while traveling. The Court does not find it reasonable to bill at the full hourly rate for unproductive travel time. Even if an attorney is working while traveling, his or her productivity is likely not comparable to work done under ordinary circumstances. Moreover, in this case, there are several instances where travel is lumped with other tasks and it is not possible for the Court to ascertain how much of the time was spent solely on travel.

Several courts have held that discounting travel time is especially appropriate in the fee-shifting context. *See, e.g., Preston Exploration Co., LP v. GSP, LLC*, CIV.A. H-08-3341, 2013 WL 3229678, at *6 (S.D. Tex. June 25, 2013) (citing *Lewallen v. City of Beaumont*, CIV.A.

1:05-CV-733TH, 2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009) *aff'd,* 394 F. App'x 38 (5th Cir. 2010)) (in fee-shifting context, compensating travel time at 50% of actual time is a common practice within the Fifth Circuit).

Plaintiffs' counsel billed a total of $70,035.00 for travel.  For much of this travel time, no work was done.  Many entries for travel were lumped with other tasks making it unclear exactly how much time was actually spent traveling, and whether any work was done while traveling. Because of the fee-shifting in this case, discounting travel time is especially appropriate. Plaintiffs' counsel presented no compelling evidence that it should be compensated for travel at its full rate.  The Court allows travel at 50% of each professional's rate.  A total of $35,417.50[7] is disallowed for travel.

### c.    Lumped and/or vague entries

Fees may be adjusted downward or disallowed where entries are vague or duplicative.  *In re Pape,* 2014 WL 2567443, at *4 (Bankr. S.D. Tex. June 6, 2014).  When multiple tasks are lumped together making it difficult to ascertain how much time was spent on each task, the Court treats these as vague entries.  *Id.*

Here, the Court made several discounts for travel time that was lumped with other tasks. Because it was not possible to ascertain precisely how much time was spent on travel, the Court made an equitable deduction based on other travel entries.  Where the Court was unable to make

---

[7] This figure accounts for a 50% reduction in all travel billed ($70,035/2= $35,017.50) plus disallowance of 2 hours ($400.00) of travel on September 8, 2008. On this date, Ms. Kellett traveled from a conference in Las Vegas to Houston. Ms. Kellett should not be compensated for the full amount of travel time from Las Vegas to Houston since her trip to Las Vegas was not related to this case. Ms. Kellett will be compensated for 3 of the 5 hours billed at a rate of 50%.

an equitable deduction, it discounted the entire entry by 50%. The Court also made deductions where interoffice communications were lumped with other tasks.[8]

### d. Interoffice Communications

With respect to interoffice communications, this Court recently held that fees for interoffice conferences are allowed so long as there is not an inordinate number of interoffice conferences, and so long as multiple attorneys do not bill for the same conference. *In re Pape*, 2014 WL 2567443, at *4 (Bankr. S.D. Tex. June 6, 2014). In light of the Fifth Circuit's holding in *Louisana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995), lawyers need not provide a detailed explanation of the necessity of the conference or each lawyer's role so long as it is clear from the evidence that such a conference was reasonable and necessary for the case. *In re Pape*, 2014 WL 2567443, at *4.

The amount of interoffice communication in this case is reasonable. However the Court made several deductions where more than one attorney billed for the same meeting. A total of $2,312.50 is disallowed for duplicative interoffice communications.

### D. Satellite Fee Litigation

The Fifth Circuit recently held that, correctly read, 11 U.S.C. § 330(a) does not authorize compensation for counsel's defense of a fee application. *In re ASARCO, L.L.C.*, 751 F.3d 291, 299 (5th Cir. 2014). The Fifth Circuit reasoned that fees for the defense of a fee application are not reasonably likely to benefit the estate or necessary to case administration. *Id.* In the absence of explicit statutory guidance, requiring professionals to defend their fee applications is a fair cost of doing business in the bankruptcy context. *Id.* at 300.

---

[8] The deductions for lumped and/or vague entries are accounted for in the figures of disallowance for travel and interoffice communications.

The Fifth Circuit recognized that under certain fee-shifting statutes, such as in the civil rights context, counsel's time spent to prepare, litigate and appeal a fee award is often compensable. *Id.* The basis of fee-shifting statutes in the civil rights context is to create an incentive for otherwise financially disadvantaged plaintiffs to obtain legal redress. *Id.*

Counsel is entitled to fees in this case, not under § 330(a), but rather as an equitable remedy under § 105. The basis for awarding fees is akin to the equitable bases for awarding fees under other fee-shifting statutes. Because of the basis for fees in this case, the Fifth Circuit's holding in *ASARCO* is not applicable.

Counsel is entitled to the reasonable fees for defense of the fee application. Counsel requested a total of $282,960.00 for defending the fee application. However, for the reasons set forth below, the Court will only award $54,359.60.

There were three major disputes over the fees: (1) whether counsel was entitled to fees at all; (2) whether counsel should bill at Dallas rates or Rio Grande Valley rates; and (3) if counsel is entitled to fees, the reasonable amount of time for which counsel can bill.

Plaintiffs' counsel was successful in the first dispute and will be compensated for the fees incurred in proving that it was, in fact, entitled to fees. Plaintiffs' counsel incurred $48,189.50 in fees to prove an entitlement to fees. The Court will reduce this number by 20% for counsel's overall inefficiency for a total of $38,551.60 for fees incurred to prove an entitlement to fees.

Counsel was successful in the second dispute and will be compensated for the fees incurred in proving that it was entitled to bill at Dallas rates. Counsel incurred $19,760.00[9] to prove an entitlement to bill at Dallas rates. The Court will reduce this number by 20% for

---

[9] Plaintiffs' briefing on their entitlement to fees also dealt with the issue of which rate to apply. Therefore the $48,189.50 in fees for prevailing on the issue of entitlement to fees includes fees for the issue of which rate to apply. The $19,760.00 only includes fees not already accounted for in the $48,189.50.

counsel's overall inefficiency for a total of $15,808.00 for fees incurred to prove an entitlement to bill at Dallas rates.

Countrywide was successful regarding the dispute over the amount of time counsel was entitled to bill. Excluding fees for defending its fee application, counsel requested a total of $1,639,815.75. At the Court's request, Countrywide filed its Supplemental Submission Regarding Plaintiffs' Fee Petition. ECF No. 554. The Court requested that Countrywide identify the time entries in counsel's fee application that should be attributed to claims on which Plaintiffs did not prevail. Countrywide raised eight general objections to the time entries: (1) insufficiently described injunctive relief tasks; (2) block billing and inadequate descriptions; (3) work done in support of Plaintiffs' claims for damages; (4) travel and meals; (5) work done on ultimately unsuccessful motions; (6) completely irrelevant; (7) administrative and overhead; and (8) duplicative tasks. ECF No. 554-1. Based on these objections, Countrywide asked the Court to reduce the fees by $700,701.25. *See* ECF No. 554-2. The Court reduced the fees by $509,401.95. The Court disallowed 73% of the disputed fees, meaning that Countrywide was successful with respect to the amount of time counsel should be allowed to bill.

### Analysis of Prevailing Party Issue

| | |
|---|---|
| Total fees requested by two law firms | $1,922,775.75 |
| Less fees applicable to fee application | $282,960.00 |
| Primary case fees requested | $1,639,815.75 |
| Total allowed primary case fees | $1,130,413.80 |
| Disallowed primary case fees | $509,401.95 |
| Total fees disputed by Countrywide | $700,701.25 |
| Percentage of disputed fees disallowed | 73% |

Aside from the $48,189.50 in fees incurred to prove an entitlement to fees, and the $19,760.00 incurred to prove an entitlement to bill at Dallas rates, counsel incurred an additional

$215,010.50 in defending its fee application.   Because Countrywide was the successful party with respect to the amount of time counsel should be allowed to bill, the Court will disallow the $215,010.50.

### E.   Fees on Appeal

Countrywide argues that even if fees are awarded under § 105, counsel cannot be awarded fees for their appeal to the District Court and Fifth Circuit.   Countrywide cites to Ninth Circuit authority to support its assertion that bankruptcy courts cannot award appellate fees under § 105. *See In re Del Mission Ltd.*, 98 F.3d 1147 (9th Cir. 1996) (section 105 does not authorize award of previously incurred appellate fees as a sanction).   In *Del Mission*, the Ninth Circuit found a violation of the automatic stay.   *Id.* at 1149.   As sanctions, the trustee requested attorney's fees and costs incurred in enforcing the automatic stay on appeal.   *Id.* at 1150.   The trustee sought sanctions under the bankruptcy court's § 105 contempt powers because, as trustee of the estate, he was not considered an individual entitled to actual damages under § 362(h).   The Ninth Circuit, applying its holding in *In re Vasseli*, found that Federal Rule of Appellate Procedure 38 is the only authority for awarding appellate fees incurred as a result of a frivolous appeal.[10]   *Id.* at 1153.   The court explained that because an award under § 105(a) is discretionary, its use as a device to award previously incurred appellate fees would overlap with Rule 38.   *Id.* at 1154.   Under either authority, a court would have to consider the merits of the arguments advanced on appeal and the manner in which the parties acted.   *Id.*   The court determined that

---

[10] Federal Rule of Appellate Procedure 38 provides:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38

because FRAP 38 already allows for a discretionary award of fees for a frivolous appeal, to allow the same under § 105 would be superfluous. *Id.*

In *DVI Receivables XIV, LLC v. Rosenberg*, the court dealt with awarding appellate fees under 11 U.S.C. § 303(i), which allows courts to award attorney's fees and costs if the court dismisses an involuntary bankruptcy petition. *DVI Receivables XIV, LLC v. Rosenberg*, 500 B.R. 174, 181 (S.D. Fla. 2013). The Court finds this discussion of appellate fees under § 303 useful to determining whether appellate fees can be awarded under § 105. The *DVI Receivables* court acknowledged an ambiguity regarding whether appellate fees can be awarded under § 303(i). *Id.* Courts that found it proper to award fees under § 303(i) reasoned that a majority of the alleged debtor's attorney's fees might arise from proceedings that follow the dismissal of the petition, so denying these fees would fly in the face of legislative intent and common sense. *Id* (citing *In re John Richards Homes Bldg. Co., L.L.C.*, 405 B.R. 192, 215 (E.D. Mich. 2009). Courts that have resolved the ambiguity under § 303(i) in favor of denying appellate fees have followed the Ninth's Circuit's line of cases that have held that FRAP 38 and Bankruptcy Rule of Procedure 8020[11] are the only authority for awarding discretionary appellate fees in bankruptcy appeals. *DVI Receivables XIV, LLC v. Rosenberg*, 500 B.R. at 182.

The Court respectfully disagrees with courts that have held that appellate fees cannot be awarded under § 105. As discussed above, § 105 provides an avenue for bankruptcy courts to enforce substantive rights provided in the Code. This includes the ability to issue any order,

---

[11] Rule 8020 provides:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Bankr. P. 8020.

process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Federal Rule of Appellate Procedure 38 does not provide an adequate remedy in the instant case because Countrywide's appeal of the Certification Order was not frivolous. However, Plaintiffs defense of the appeal was integral to obtaining the injunctive relief that will ultimately be granted. The Court does not find FRAP 38 and an award of appellate fees under § 105 to be in conflict—allowing for both simply provides plaintiffs with the full panoply of remedies for violations of the Bankruptcy Code and Rules. If FRAP 38 were to preclude the award of appellate fees under § 105, many plaintiffs who were required to defend non-frivolous appeals would be left without a complete remedy when court orders are violated.

Indeed, the *John Richards Homes* court acknowledged this inequity in the § 303(i) context. *In re John Richards Homes Bldg. Co. L.L.C.*, 405 B.R. at 217. There the court recognized that even a good-faith filing of an involuntary bankruptcy petition creates onerous circumstances for a debtor, and an award of attorney's fees and costs pursuant to § 303(i)(1) does not require a bad faith finding. *Id.* Congress sensed that there would be situations where the burdens imposed upon debtors, even in good-faith circumstances, should require the losing creditors to pay for the burden they had created. *Id.*

The same reasoning is applicable in this case. As discussed above, the Court need not find bad faith in order require Countrywide to pay Plaintiffs' attorneys' fees. The Court may use § 105 to enforce its own orders, even if it does not find bad faith. This is the only logical result. To hold otherwise would render bankruptcy courts incapable of issuing orders and judgments to enforce the substantive rights of debtors and creditors guaranteed to them by the Bankruptcy Code.

Fees for appeal of the Certification Order are allowed subject to any deductions discussed in the preceding section of this Opinion.

### F.    Expenses

The request for expenses will be granted in proportion to the fee award.  The Kellett Law Firm sought a total of $1,160,602.00 in fees and was awarded $758,762.80.  The Kellett Law Firm requested $56,177.31 in expenses.  A total of $36,726.85 in expenses is awarded.

Armstrong Kellett Bartholow sought a total of $762,173.75 in fees and was awarded $426,010.60.   Armstrong Kellett Bartholow requested $22,326.97 in expenses.   A total of $12,479.47 in expenses is awarded.

### Conclusion

The Kellett Law Firm requested a total of $1,160,602.00 in fees.  The Court disallowed $212,148.50 for issues on which Plaintiffs did not prevail; travel; lumped and/or vague entries; and duplicative interoffice communications, for a total of $948,453.50.  The Court deducted 20% from $948,453.50 for counsel's general inefficiency in handling the litigation, for a total of $758,762.80 in legal fees.  The Kellett Law Firm requested $56,177.31 in expenses.  The Court granted expenses in proportion to fees for a total of $36,726.85 in expenses.  The Kellett Law Firm is awarded a total of $795,489.65

Armstrong Kellett Bartholow requested a total of $762,173.75 in fees.  $282,960.00 of this amount was fees for defense of the fee application.   The primary case fees were $479,213.75.  The Court disallowed $14,650.00 for issues on which Plaintiffs did not prevail; travel; lumped and/or vague entries; and duplicative interoffice communications, for a total of $464,563.75.  The Court deducted 20% from $464,563.75 for counsel's general inefficiency in handling the litigation, for a total of $371,651.00.  The Court disallowed $228,600.40 of the

$282,960.00 requested for defense of the fee application, for a total of $54,359.60 for defense of the fee application.   The total fee award to Armstrong Kellett Bartholow is $426,010.60. Armstrong Kellett Bartholow requested $22,326.97 in expenses.  The Court granted expenses in proportion to fees for a total of $12,479.47 in expenses.   Armstrong Kellett Bartholow is awarded a total of $438,490.07.

### Summary of Allowed Fees and Expenses

|  | The Kellett Law Firm | Armstrong Kellett Bartholow |
|---|---|---|
| Total fees requested | $1,160,602.00 | $762,173.75 |
| Less fees applicable to fee application | $0.00 | $282,960.00 |
| Primary case fees | $1,160,602.00 | $479,213.75 |
| Fees disallowed on appendix | $212,148.50 | $14,650.00 |
| Net allowed fees | $948,453.50 | $464,563.75 |
| Less 20% efficiency deduction | $189,690.70 | $92,912.75 |
| Allowed fees before fee application fees | $758,762.80 | $371,651.00 |
| Plus fee application fees | $0.00 | $54,359.60 |
| Total allowed fees after deductions | $758,762.80 | $426,010.60 |
| Plus allowed expenses | $36,726.85 | $12,479.47 |
| Total allowed fees and expenses | $795,489.65 | $438,490.07 |

The Court will enter a judgment in accordance with this Memorandum Opinion.

SIGNED **August 22, 2014.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

| | | | | | | Appendix A |
|---|---|---|---|---|---|---|

<table>
<tr><td colspan="7" align="center">Appendix A</td></tr>
<tr><td colspan="7" align="center">Itemization of Disallowed Fees</td></tr>
<tr><td>Date</td><td>Timekeeper</td><td>Total hours requested</td><td>Total amount requested</td><td>Hours disallowed</td><td>Amount disallowed</td><td>Explanation of disallowance</td></tr>
<tr><td>2/15/2008</td><td>Kellett</td><td>9.5</td><td>$ 3,800.00</td><td>2.375</td><td>$ 950.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/16/2008</td><td>Kellett</td><td>5.5</td><td>$ 2,200.00</td><td>1.375</td><td>$ 550.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/19/2008</td><td>Kellett</td><td>4.3</td><td>$ 1,720.00</td><td>1.075</td><td>$ 430.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/20/2008</td><td>Garner</td><td>3.7</td><td>$ 536.50</td><td>0.925</td><td>$ 134.13</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/21/2008</td><td>Kellett</td><td>7</td><td>$ 2,800.00</td><td>1.75</td><td>$ 700.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/21/2008</td><td>Garner</td><td>5.4</td><td>$ 783.00</td><td>1.35</td><td>$ 195.75</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/22/2008</td><td>Garner</td><td>2.7</td><td>$ 391.50</td><td>0.675</td><td>$ 97.88</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/25/2008</td><td>Kellett</td><td>14</td><td>$ 5,600.00</td><td>3.5</td><td>$ 1,400.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/25/2008</td><td>Garner</td><td>1.6</td><td>$ 232.00</td><td>0.4</td><td>$ 58.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/26/2008</td><td>Kellett</td><td>5</td><td>$ 2,000.00</td><td>1.25</td><td>$ 500.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>2/26/2008</td><td>Garner</td><td>7</td><td>$ 1,015.00</td><td>1.75</td><td>$ 253.75</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/3/2008</td><td>Kellett</td><td>4.5</td><td>$ 1,800.00</td><td>0</td><td>$ 900.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/4/2008</td><td>Kellett</td><td>4.2</td><td>$ 1,680.00</td><td>1.05</td><td>$ 420.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/5/2008</td><td>Kellett</td><td>6.6</td><td>$ 2,640.00</td><td>1.65</td><td>$ 660.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/6/2008</td><td>Kellett</td><td>3.6</td><td>$ 1,440.00</td><td>0.9</td><td>$ 360.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/7/2008</td><td>Kellett</td><td>9.5</td><td>$ 3,800.00</td><td>2.375</td><td>$ 950.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/8/2008</td><td>Kellett</td><td>4.2</td><td>$ 1,680.00</td><td>1.05</td><td>$ 420.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/9/2008</td><td>Kellett</td><td>2.3</td><td>$ 920.00</td><td>0.575</td><td>$ 241.50</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/10/2008</td><td>Kellett</td><td>4.3</td><td>$ 1,720.00</td><td>1.075</td><td>$ 430.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/11/2008</td><td>Kellett</td><td>7</td><td>$ 2,800.00</td><td>1.75</td><td>$ 700.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/12/2008</td><td>Kellett</td><td>4</td><td>$ 1,600.00</td><td>0</td><td>$ 800.00</td><td>Discounted rate by 1/2 for travel</td></tr>
<tr><td>3/19/2008</td><td>Kellett</td><td>1</td><td>$ 400.00</td><td>0.25</td><td>$ 100.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/20/2008</td><td>Kellett</td><td>4.6</td><td>$ 1,840.00</td><td>1.15</td><td>$ 460.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/21/2008</td><td>Kellett</td><td>0.8</td><td>$ 320.00</td><td>0.2</td><td>$ 80.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/24/2008</td><td>Kellett</td><td>2.3</td><td>$ 920.00</td><td>0.575</td><td>$ 230.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/26/2008</td><td>Kellett</td><td>5</td><td>$ 2,000.00</td><td>0</td><td>$ 1,000.00</td><td>Discounted rate by 1/2 for travel</td></tr>
<tr><td>3/27/2008</td><td>Kellett</td><td>6</td><td>$ 2,400.00</td><td>1.5</td><td>$ 600.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>3/27/2008</td><td>Kellett</td><td>5</td><td>$ 2,000.00</td><td>0</td><td>$ 1,000.00</td><td>Discounted rate by 1/2 for travel</td></tr>
<tr><td>4/1/2008</td><td>Kellett</td><td>4</td><td>$ 1,600.00</td><td>1</td><td>$ 400.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
<tr><td>4/12/2008</td><td>Kellett</td><td>2.3</td><td>$ 920.00</td><td>0.575</td><td>$ 230.00</td><td>Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail</td></tr>
</table>

| | | | | | | |
|---|---|---|---|---|---|---|
| 4/14/2008 | Kellett | 4.7 | $ 1,880.00 | 1.175 | $ 470.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/15/2008 | Kellett | 10.9 | $ 4,360.00 | 2.725 | $ 1,090.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/16/2008 | Kellett | 3.5 | $ 1,400.00 | 0.875 | $ 350.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/18/2008 | Kellett | 9.8 | $ 3,920.00 | 2.45 | $ 980.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/21/2008 | Kellett | 2.4 | $ 960.00 | 0.6 | $ 240.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/22/2008 | Kellett | 4.4 | $ 1,760.00 | 1.1 | $ 440.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/22/2008 | Kellett | 0.4 | $ 160.00 | 0.1 | $ 40.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/23/2008 | Kellett | 4.1 | $ 1,640.00 | 1.025 | $ 410.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/23/2008 | Kellett | 0.2 | $ 80.00 | 0.05 | $ 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/24/2008 | Kellett | 0.5 | $ 200.00 | 0.125 | $ 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/25/2008 | Kellett | 0.6 | $ 240.00 | 0.15 | $ 60.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/26/2008 | Kellett | 5.3 | $ 2,120.00 | 1.325 | $ 530.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/3/2008 | Kellett | 8 | $ 3,200.00 | 2 | $ 800.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/4/2008 | Kellett | 7 | $ 2,800.00 | 1.75 | $ 700.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/5/2008 | Kellett | 8.9 | $ 3,560.00 | 2.225 | $ 890.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/6/2008 | Kellett | 2.6 | $ 1,040.00 | 0.65 | $ 260.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/7/2008 | Kellett | 0.5 | $ 200.00 | 0.125 | $ 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/8/2008 | Kellett | 8.3 | $ 3,320.00 | 2.075 | $ 830.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/9/2008 | Kellett | 8.5 | $ 3,400.00 | 2.125 | $ 850.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/11/2008 | Kellett | 5.6 | $ 2,240.00 | 1.4 | $ 560.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/12/2008 | Kellett | 7.2 | $ 2,880.00 | 1.8 | $ 720.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/13/2008 | Kellett | 14 | $ 5,600.00 | 3.5 | $ 1,400.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/14/2008 | Kellett | 9.5 | $ 3,800.00 | 2.375 | $ 950.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/15/2008 | Kellett | 9.7 | $ 3,880.00 | 2.425 | $ 970.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/16/2008 | Kellett | 13.2 | $ 5,280.00 | 3.3 | $ 1,320.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/20/2008 | Kellett | 0.3 | $ 120.00 | 0.075 | $ 30.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/21/2008 | Kellett | 2.1 | $ 840.00 | 0.525 | $ 210.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/29/2008 | Kellett | 0.2 | $ 80.00 | 0.05 | $ 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/30/2008 | Kellett | 2.1 | $ 840.00 | 0.525 | $ 210.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/31/2008 | Kellett | 1 | $ 400.00 | 0.25 | $ 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/3/2008 | Garner | 1.3 | $ 188.50 | 0.325 | $ 47.13 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | Hours | | Amount | | | Notes |
|---|---|---|---|---|---|---|---|
| 6/5/2008 | Kellett | 7.9 | $ | 3,160.00 | 1.975 | $ | 790.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/6/2008 | Kellett | 6.8 | $ | 2,720.00 | 1.7 | $ | 680.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/7/2008 | Kellett | 5 | $ | 2,000.00 | 1.25 | $ | 500.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/8/2008 | Kellett | 7 | $ | 2,800.00 | 0 | $ | 1,400.00 | Discounted rate by 1/2 for travel |
| 6/8/2008 | Kellett | 1.5 | $ | 600.00 | 0.375 | $ | 150.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/9/2008 | Kellett | 7 | $ | 2,800.00 | 1.75 | $ | 700.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/9/2008 | Kellett | 4 | $ | 1,600.00 | 0 | $ | 800.00 | Discounted rate by 1/2 for travel |
| 6/9/2008 | Kellett | 0.3 | $ | 120.00 | 0.15 | $ | 60.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 6/10/2008 | Kellett | 1.6 | $ | 640.00 | 0.8 | $ | 320.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 6/20/2008 | Kellett | 0.4 | $ | 160.00 | 0.1 | $ | 40.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/21/2008 | Kellett | 4.8 | $ | 1,920.00 | 2.4 | $ | 960.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 6/23/2008 | Kellett | 3.2 | $ | 1,280.00 | 0.8 | $ | 320.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/24/2008 | Kellett | 1.2 | $ | 480.00 | 0.6 | $ | 240.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 6/24/2008 | Kellett | 8.6 | $ | 3,440.00 | 2.15 | $ | 860.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/25/2008 | Kellett | 1.4 | $ | 560.00 | 0.7 | $ | 280.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 6/26/2008 | Kellett | 3.6 | $ | 1,440.00 | 0.9 | $ | 360.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/27/2008 | Kellett | 6.2 | $ | 2,480.00 | 1.55 | $ | 620.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/28/2008 | Kellett | 4.4 | $ | 1,760.00 | 1.1 | $ | 440.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/30/2008 | Kellett | 9 | $ | 3,600.00 | 2.25 | $ | 900.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/1/2008 | Kellett | 1.7 | $ | 680.00 | 0.425 | $ | 170.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/2/2008 | Kellett | 7.6 | $ | 3,040.00 | 1.9 | $ | 760.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/3/2008 | Kellett | 1.2 | $ | 480.00 | 0.3 | $ | 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/8/2008 | Kellett | 1.2 | $ | 480.00 | 0.3 | $ | 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/9/2008 | Kellett | 7.8 | $ | 3,120.00 | 1.95 | $ | 780.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/9/2008 | Erhart | 5.4 | $ | 1,188.00 | 1.35 | $ | 297.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/10/2008 | Erhart | 5 | $ | 1,100.00 | 1.25 | $ | 275.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/11/2008 | Kellett | 3.6 | $ | 1,440.00 | 0.9 | $ | 360.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/12/2008 | Kellett | 4.5 | $ | 1,800.00 | 1.125 | $ | 450.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/13/2008 | Kellett | 4 | $ | 1,600.00 | 1 | $ | 400.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/15/2008 | Erhart | 5.6 | $ | 1,232.00 | 1.4 | $ | 308.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | Hours | Amount | Hours | Amount | Notes |
|---|---|---|---|---|---|---|
| 7/16/2008 | Kellett | 4.6 | $ 1,840.00 | 1.15 | $ 460.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/16/2008 | Erhart | 7.8 | $ 1,716.00 | 1.95 | $ 429.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/17/2008 | Kellett | 0.6 | $ 240.00 | 0.15 | $ 60.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/17/2008 | Erhart | 8 | $ 1,760.00 | 2 | $ 440.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/18/2008 | Kellett | 2.3 | $ 920.00 | 0.575 | $ 230.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/22/2008 | Kellett | 5.5 | $ 2,200.00 | 1.375 | $ 550.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/22/2008 | Erhart | 7.8 | $ 1,716.00 | 1.95 | $ 429.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/23/2008 | Erhart | 4.1 | $ 902.00 | 1.025 | $ 225.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/24/2008 | Kellett | 6.4 | $ 2,560.00 | 3.2 | $ 1,280.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 7/24/2008 | Erhart | 7.9 | $ 1,738.00 | 1.975 | $ 434.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/25/2008 | Kellett | 2.1 | $ 840.00 | 0.525 | $ 210.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/25/2008 | Kellett | 4.6 | $ 1,840.00 | 2.3 | $ 920.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 7/26/2008 | Kellett | 0.5 | $ 200.00 | 0.125 | $ 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/28/2008 | Kellett | 7.2 | $ 2,880.00 | 1.8 | $ 720.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/28/2008 | Kellett | 1.9 | $ 760.00 | 0.95 | $ 380.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 7/29/2008 | Kellett | 4.3 | $ 1,720.00 | 1.075 | $ 430.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/29/2008 | Kellett | 3.6 | $ 1,440.00 | 1.8 | $ 720.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 7/29/2008 | Erhart | 0.5 | $ 110.00 | 0.25 | $ 55.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 7/29/2008 | Erhart | 1.1 | $ 242.00 | 0.275 | $ 60.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/30/2008 | Kellett | 2.1 | $ 840.00 | 0.525 | $ 210.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/30/2008 | Kellett | 7.3 | $ 2,920.00 | 3.65 | $ 1,460.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 7/31/2008 | Kellett | 3.6 | $ 1,440.00 | 1.8 | $ 720.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 7/31/2008 | Kellett | 3.4 | $ 1,360.00 | 0.85 | $ 340.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/31/2008 | Erhart | 2.7 | $ 594.00 | 0.675 | $ 148.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/31/2008 | Erhart | 5.1 | $ 1,122.00 | 2.55 | $ 561.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 8/1/2008 | Kellett | 14 | $ 5,600.00 | 7 | $ 2,800.00 | Disallowed 50% of time spent on brief filed at ECF 108 |
| 8/2/2008 | Kellett | 2.4 | $ 960.00 | 0.6 | $ 240.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/4/2008 | Kellett | 7.9 | $ 3,160.00 | 1.975 | $ 790.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/5/2008 | Kellett | 1.2 | $ 480.00 | 0.3 | $ 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

4

| Date | Name | Hours | | Amount | | Adj Hours | | Adj Amount | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 8/5/2008 | Erhart | 0.6 | $ | 132.00 | | 0.15 | $ | 33.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/11/2008 | Kellett | 2 | $ | 800.00 | | 0.5 | $ | 200.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/12/2008 | Kellett | 2.9 | $ | 1,160.00 | | 0.725 | $ | 290.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/12/2008 | Erhart | 6.4 | $ | 1,408.00 | | 1.6 | $ | 352.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/13/2008 | Erhart | 5.5 | $ | 1,210.00 | | 1.375 | $ | 550.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/14/2008 | Kellett | 2.2 | $ | 880.00 | | 0.55 | $ | 220.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/15/2008 | Kellett | 4.8 | $ | 1,920.00 | | 1.2 | $ | 480.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/15/2008 | Kellett | 0.8 | $ | 320.00 | | 0.2 | $ | 80.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/16/2008 | Kellett | 1.1 | $ | 440.00 | | 0.275 | $ | 110.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/17/2008 | Kellett | 2.3 | $ | 920.00 | | 0.575 | $ | 230.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/18/2008 | Kellett | 2.8 | $ | 1,120.00 | | 0.7 | $ | 280.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/18/2008 | Erhart | 5.7 | $ | 1,254.00 | | 1.425 | $ | 313.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/19/2008 | Kellett | 2 | $ | 800.00 | | 0.5 | $ | 200.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/20/2008 | Kellett | 0.6 | $ | 240.00 | | 0.15 | $ | 60.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/20/2008 | Erhart | 4.2 | $ | 924.00 | | 1.05 | $ | 231.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/21/2008 | Kellett | 2.5 | $ | 1,000.00 | | 0.625 | $ | 250.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/22/2008 | Kellett | 1.1 | $ | 440.00 | | 0.275 | $ | 110.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/23/2008 | Kellett | 0.1 | $ | 40.00 | | 0.025 | $ | 10.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/24/2008 | Kellett | 0.6 | $ | 240.00 | | 0.15 | $ | 60.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/25/2008 | Kellett | 3.4 | $ | 1,360.00 | | 0.85 | $ | 340.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/26/2008 | Kellett | 0.8 | $ | 320.00 | | 0.2 | $ | 80.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/27/2008 | Kellett | 3 | $ | 1,200.00 | | 0.75 | $ | 300.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/28/2008 | Kellett | 2 | $ | 800.00 | | 0.5 | $ | 200.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/1/2008 | Kellett | 1.1 | $ | 440.00 | | 0.275 | $ | 110.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/2/2008 | Kellett | 3 | $ | 1,200.00 | | 0.75 | $ | 300.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/3/2008 | Kellett | 3.3 | $ | 1,320.00 | | 0.825 | $ | 330.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/3/2008 | Erhart | 3.1 | $ | 682.00 | | 0.775 | $ | 170.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/4/2008 | Erhart | 9.3 | $ | 2,046.00 | | 2.325 | $ | 511.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/8/2008 | Kellett | 5 | $ | 2,000.00 | | 2 | $ | 1,400.00 | Discounted rate by 1/2 for travel; disallowed 2 hours--not compensating for full travel from Las Vegas |
| 9/9/2008 | Kellett | 9.8 | $ | 3,920.00 | | 2.45 | $ | 980.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/9/2008 | Kellett | 3 | $ | 1,200.00 | | 0 | $ | 600.00 | Discounted rate by 1/2 for travel |

| Date | Name | | | | | | Notes |
|---|---|---|---|---|---|---|---|
| 9/9/2008 | Erhart | 2 | $ | 440.00 | 0.5 | $ | 110.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/10/2008 | Kellett | 0.7 | $ | 280.00 | 0.175 | $ | 70.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/11/2008 | Kellett | 5.1 | $ | 2,040.00 | 1.275 | $ | 510.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/11/2008 | Erhart | 3.5 | $ | 770.00 | 0.875 | $ | 192.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/12/2008 | Kellett | 2.5 | $ | 4,002.50 | 0.625 | $ | 250.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/14/2008 | Kellett | 1 | $ | 400.00 | 0.25 | $ | 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/16/2008 | Kellett | 5 | $ | 2,000.00 | 1.25 | $ | 500.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/16/2008 | Erhart | 3.7 | $ | 814.00 | 0.925 | $ | 203.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/17/2008 | Erhart | 6.7 | $ | 1,474.00 | 1.675 | $ | 368.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/18/2008 | Kellett | 1.5 | $ | 600.00 | 0.375 | $ | 150.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/18/2008 | Erhart | 4.1 | $ | 902.00 | 1.025 | $ | 225.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/19/2008 | Kellett | 1.2 | $ | 480.00 | 0.3 | $ | 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/21/2008 | Kellett | 0.2 | $ | 80.00 | 0.05 | $ | 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/22/2008 | Kellett | 6.1 | $ | 2,440.00 | 1.525 | $ | 610.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/23/2008 | Kellett | 9.4 | $ | 3,760.00 | 2.35 | $ | 940.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/23/2008 | Erhart | 6.6 | $ | 1,452.00 | 1.65 | $ | 363.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/24/2008 | Kellett | 4.8 | $ | 1,920.00 | 1.2 | $ | 480.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/24/2008 | Erhart | 7.4 | $ | 1,628.00 | 1.85 | $ | 407.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/25/2008 | Kellett | 11.9 | $ | 4,760.00 | 2.975 | $ | 1,190.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/25/2008 | Erhart | 6.7 | $ | 1,474.00 | 1.675 | $ | 368.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/26/2008 | Kellett | 1.2 | $ | 528.00 | 0.3 | $ | 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/29/2008 | Kellett | 0.7 | $ | 280.00 | 0.175 | $ | 70.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/30/2008 | Kellett | 10.1 | $ | 4,040.00 | 2.525 | $ | 1,010.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/30/2008 | Erhart | 8.1 | $ | 1,782.00 | 2.025 | $ | 445.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/1/2008 | Kellett | 17.7 | $ | 7,080.00 | 4.425 | $ | 1,770.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/1/2008 | Erhart | 8.3 | $ | 1,826.00 | 2.075 | $ | 456.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/2/2008 | Kellett | 6.5 | $ | 2,600.00 | 1.625 | $ | 650.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/2/2008 | Erhart | 8.1 | $ | 1,782.00 | 2.025 | $ | 445.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/6/2008 | Kellett | 1.6 | $ | 640.00 | 0.4 | $ | 160.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/7/2008 | Kellett | 7.7 | $ | 3,080.00 | 1.925 | $ | 770.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/7/2008 | Erhart | 7.9 | $ | 1,738.00 | 1.975 | $ | 434.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | | Hours | | Amount | | Rate | | Allowed | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/8/2008 | Kellett | | 7 | $ | 2,800.00 | | 1.75 | $ | 700.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/9/2008 | Kellett | | 2.5 | $ | 1,000.00 | | 0.55 | $ | 220.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/10/2008 | Kellett | | 4.3 | $ | 1,720.00 | | 1.075 | $ | 430.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/12/2008 | Kellett | | 1 | $ | 400.00 | | 0.25 | $ | 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/13/2008 | Kellett | | 2.3 | $ | 920.00 | | 0.575 | $ | 230.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/14/2008 | Kellett | | 5.5 | $ | 2,200.00 | | 1.375 | $ | 550.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/15/2008 | Kellett | | 8.5 | $ | 3,400.00 | | 2.125 | $ | 850.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/16/2008 | Kellett | | 1.1 | $ | 484.00 | | 0.275 | $ | 110.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/16/2008 | Kellett | | 7.5 | $ | 3,000.00 | | 0 | $ | 1,500.00 | Discounted rate by 1/2 for travel |
| 10/20/2008 | Kellett | | 0.7 | $ | 280.00 | | 0.175 | $ | 70.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/21/2008 | Kellett | | 0.2 | $ | 80.00 | | 0.05 | $ | 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/22/2008 | Kellett | | 8.7 | $ | 3,480.00 | | 2.175 | $ | 870.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/24/2008 | Kellett | | 1 | $ | 400.00 | | 0.25 | $ | 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/25/2008 | Kellett | | 3.2 | $ | 1,280.00 | | 0.8 | $ | 320.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/27/2008 | Kellett | | 8 | $ | 3,200.00 | | 2 | $ | 800.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/28//08 | Kellett | | 13.2 | $ | 5,280.00 | | 3.3 | $ | 1,320.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/31/2008 | Kellett | | 1 | $ | 400.00 | | 0.25 | $ | 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/1/2008 | Kellett | | 9.2 | $ | 3,680.00 | | 2.3 | $ | 920.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/3/2008 | Kellett | | 4.2 | $ | 1,680.00 | | 1.05 | $ | 420.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/4/2008 | Kellett | | 11.5 | $ | 4,600.00 | | 2.875 | $ | 1,150.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/4/2009 | Johnson | | 2.5 | $ | 337.50 | | 0.625 | $ | 84.38 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/5/2008 | Kellett | | 0.2 | $ | 80.00 | | 0.05 | $ | 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/6/2008 | Kellett | | 2.1 | $ | 840.00 | | 0.525 | $ | 210.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/7/2008 | Kellett | | 13 | $ | 5,200.00 | | 3.25 | $ | 1,300.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/9/2008 | Kellett | | 0.3 | $ | 120.00 | | 0.075 | $ | 30.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/10/2008 | Kellett | | 1.1 | $ | 440.00 | | 0.275 | $ | 110.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/12/2008 | Kellett | | 10.4 | $ | 4,160.00 | | 2.6 | $ | 1,040.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/14/2008 | Kellett | | 9.6 | $ | 3,840.00 | | 2.4 | $ | 960.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/17/2008 | Kellett | | 6.4 | $ | 2,560.00 | | 1.6 | $ | 640.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/18/2008 | Kellett | | 8.3 | $ | 3,320.00 | | 2.075 | $ | 830.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/19/2008 | Johnson | | 2 | $ | 270.00 | | 0.5 | $ | 67.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | Hours | | Amount | Hours | | Amount | Notes |
|---|---|---|---|---|---|---|---|---|
| 11/20/2008 | Kellett | 7.3 | $ | 2,920.00 | 1.825 | $ | 730.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/20/2008 | Johnson | 6.2 | $ | 837.00 | 1.55 | $ | 209.25 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/25/2008 | Kellett | 2.8 | $ | 1,120.00 | 0.55 | $ | 220.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/1/2008 | Kellett | 9 | $ | 3,600.00 | 2.25 | $ | 900.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/1/2008 | Johnson | 7 | $ | 945.00 | 1.75 | $ | 236.25 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/2/2008 | Kellett | 12 | $ | 4,800.00 | 3 | $ | 1,200.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/2/2008 | Johnson | 9.2 | $ | 1,242.00 | 2.3 | $ | 310.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/3/2008 | Johnson | 9.5 | $ | 1,282.00 | 2.375 | $ | 320.63 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/4/2008 | Kellett | 10 | $ | 4,000.00 | 2.5 | $ | 1,000.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/4/2008 | Johnson | 9.2 | $ | 1,242.00 | 2.3 | $ | 310.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/5/2008 | Kellett | 4.8 | $ | 1,920.00 | 1.2 | $ | 480.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/5/2008 | Johnson | 3 | $ | 405.00 | 0.75 | $ | 101.25 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/6/2008 | Kellett | 1 | $ | 400.00 | 0.25 | $ | 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/8/2008 | Johnson | 4.1 | $ | 553.00 | 1.025 | $ | 138.38 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/10/2008 | Kellett | 2 | $ | 800.00 | 0.5 | $ | 200.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/11/2008 | Kellett | 3.4 | $ | 1,360.00 | 0.85 | $ | 340.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/11/2008 | Johnson | 2 | $ | 270.00 | 0.875 | $ | 118.13 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/12/2008 | Kellett | 11.3 | $ | 4,520.00 | 2.825 | $ | 1,130.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/12/2008 | Johnson | 10 | $ | 1,350.00 | 2.5 | $ | 337.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/13/2008 | Kellett | 2.2 | $ | 880.00 | 0.55 | $ | 220.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/13/2008 | Johnson | 7 | $ | 945.00 | 1.75 | $ | 236.25 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/14/2008 | Johnson | 7.5 | $ | 1,012.50 | 1.875 | $ | 253.13 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/15/2008 | Kellett | 5.5 | $ | 2,200.00 | 0 | $ | 1,100.00 | Discounted rate by 1/2 for travel |
| 12/16/2008 | Kellett | 5.2 | $ | 2,080.00 | 1.3 | $ | 520.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |
| 12/16/2008 | Kellett | 5 | $ | 2,000.00 | 0 | $ | 1,000.00 | Discounted rate by 1/2 for travel |
| 12/17/2008 | Kellett | 8.8 | $ | 3,520.00 | 2.2 | $ | 880.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/18/2008 | Kellett | 7 | $ | 2,800.00 | 1.75 | $ | 700.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/19/2008 | Kellett | 6.5 | $ | 2,600.00 | 1.625 | $ | 650.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/19/2008 | Johnson | 6.5 | $ | 877.50 | 1.625 | $ | 219.38 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/20/2008 | Kellett | 7.6 | $ | 3,040.00 | 1.9 | $ | 760.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | Hours | Amount | Adj. Hours | Adj. Amount | Notes |
|------|------|-------|--------|-----------|-------------|-------|
| 12/21/2008 | Kellett | 5.9 | $ 2,360.00 | 1.475 | $ 590.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/22/2008 | Kellett | 3.3 | $ 1,320.00 | 0.825 | $ 330.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/29/2008 | Kellett | 4 | $ 1,600.00 | 1 | $ 400.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/30/2008 | Kellett | 0.3 | $ 120.00 | 0.075 | $ 30.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/31/2008 | Kellett | 2.2 | $ 880.00 | 0.55 | $ 220.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/2/2009 | Kellett | 1.8 | $ 720.00 | 0.45 | $ 180.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/2/2009 | Kellett | 10 | $ 4,000.00 | 2.5 | $ 1,000.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/3/2009 | Kellett | 0.7 | $ 280.00 | 0.175 | $ 70.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/5/2009 | Kellett | 0.4 | $ 160.00 | 0.1 | $ 40.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/7/2009 | Kellett | 1.2 | $ 480.00 | 0.3 | $ 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/11/2009 | Kellett | 5 | $ 2,000.00 | 1.25 | $ 500.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/12/2009 | Kellett | 1 | $ 400.00 | 0.25 | $ 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/13/2009 | Kellett | 5.4 | $ 2,160.00 | 1.35 | $ 540.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/15/2009 | Kellett | 10 | $ 4,000.00 | 2.5 | $ 1,000.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/16/2009 | Kellett | 0.6 | $ 240.00 | 0.15 | $ 60.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/17/2009 | Kellett | 0.1 | $ 40.00 | 0.025 | $ 10.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/19/2009 | Kellett | 8 | $ 3,200.00 | 2 | $ 800.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/21/2009 | Kellett | 2.5 | $ 1,000.00 | 0.625 | $ 250.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/21/2009 | Kellett | 8 | $ 3,200.00 | 0 | $ 1,600.00 | Discounted rate by 1/2 for travel |
| 1/22/2009 | Kellett | 0.6 | $ 240.00 | 0.15 | $ 60.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/23/2009 | Kellett | 6.5 | $ 2,600.00 | 1.625 | $ 650.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/25/2009 | Kellett | 10 | $ 4,000.00 | 0 | $ 2,000.00 | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |
| 1/25/2009 | Kellett | 12.2 | $ 4,880.00 | 3.05 | $ 1,220.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/27/2009 | Kellett | 1 | $ 400.00 | 0.25 | $ 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/28/2009 | Kellett | 2.7 | $ 1,080.00 | 0.675 | $ 270.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/29/2008 | Kellett | 1.9 | $ 760.00 | 0.475 | $ 190.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/30/2009 | Kellett | 2.6 | $ 1,040.00 | 0.65 | $ 260.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 1/31/2009 | Kellett | 0.2 | $ 80.00 | 0.05 | $ 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/3/2009 | Kellett | 6 | $ 2,400.00 | 1.5 | $ 600.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/4/2009 | Kellett | 2.8 | $ 1,120.00 | 0.7 | $ 280.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/5/2009 | Kellett | 5.2 | $ 2,080.00 | 1.3 | $ 520.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/9/2009 | Kellett | 8.6 | $ 3,440.00 | 2.15 | $ 860.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/10/2009 | Kellett | 7.8 | $ 3,120.00 | 1.95 | $ 780.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/11/2009 | Kellett | 7.1 | $ 2,840.00 | 1.775 | $ 710.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/12/2009 | Kellett | 9.8 | $ 3,920.00 | 2.45 | $ 980.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/13/2009 | Kellett | 5.6 | $ 2,240.00 | 1.4 | $ 560.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/17/2009 | Kellett | 1.9 | $ 760.00 | 0.475 | $ 190.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/18/2009 | Kellett | 7 | $ 2,800.00 | 1.75 | $ 700.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/19/2009 | Kellett | 4.3 | $ 1,720.00 | 1.075 | $ 430.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/20/2009 | Kellett | 2.8 | $ 1,220.00 | 0.7 | $ 280.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/23/2009 | Kellett | 0.2 | $ 80.00 | 0.05 | $ 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/24/2009 | Kellett | 1.7 | $ 680.00 | 0.425 | $ 170.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 2/27/2009 | Kellett | 0.5 | $ 200.00 | 0.125 | $ 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/4/2009 | Kellett | 0.1 | $ 40.00 | 0.025 | $ 10.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/6/2009 | Kellett | 0.7 | $ 280.00 | 0.175 | $ 70.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/9/2009 | Kellett | 1 | $ 400.00 | 0.25 | $ 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/10/2009 | Kellett | 0.9 | $ 360.00 | 0.225 | $ 90.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/12/2009 | Kellett | 0.6 | $ 240.00 | 0.15 | $ 60.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/13/2009 | Kellett | 2.4 | $ 960.00 | 0.6 | $ 240.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/16/2009 | Kellett | 0.5 | $ 200.00 | 0.125 | $ 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/17/2009 | Kellett | 3.2 | $ 1,280.00 | 0.8 | $ 320.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/18/2009 | Kellett | 1.2 | $ 480.00 | 0.3 | $ 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/24/2009 | Kellett | 0.8 | $ 320.00 | 0.2 | $ 80.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/25/2009 | Kellett | 0.2 | $ 80.00 | 0.05 | $ 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 3/26/2009 | Kellett | 0.2 | $ 80.00 | 0.05 | $ 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/6/2009 | Kellett | 2.4 | $ 960.00 | 0.6 | $ 240.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/8/2009 | Kellett | 4.5 | $ 1,800.00 | 1.125 | $ 450.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/9/2009 | Kellett | 3.7 | $ 1,480.00 | 0.925 | $ 370.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/13/2009 | Kellett | 0.5 | $ 200.00 | 0.125 | $ 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/16/2009 | Kellett | 0.5 | $ 200.00 | 0.125 | $ 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/17/2009 | Kellett | 0.5 | $ 200.00 | 0.125 | $ 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | Hours | Amount | Hours | Amount | Note |
|------|------|------|--------|-------|--------|------|
| 4/19/2009 | Kellett | 5.1 | $ 2,040.00 | 1.275 | $ 510.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/20/2009 | Kellett | 0.8 | $ 320.00 | 0.2 | $ 80.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/21/2009 | Kellett | 2.8 | $ 1,120.00 | 0.7 | $ 280.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/22/2009 | Kellett | 8.9 | $ 3,560.00 | 2.225 | $ 890.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/28/2009 | Kellett | 1.2 | $ 480.00 | 0.3 | $ 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/29/2009 | Kellett | 1.7 | $ 680.00 | 0.425 | $ 170.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 4/30/2009 | Kellett | 5.3 | $ 2,120.00 | 1.325 | $ 530.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/1/2009 | Kellett | 11 | $ 4,400.00 | 2.75 | $ 1,100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/1/2009 | Tucker | 6 | $ 810.00 | 1.5 | $ 202.50 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/4/2009 | Kellett | 6.6 | $ 2,640.00 | 1.65 | $ 660.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/5/2009 | Kellett | 0.2 | $ 80.00 | 0.05 | $ 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/5/2009 | Tucker | 0.3 | $ 40.50 | 0.075 | $ 10.13 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/6/2009 | Kellett | 1.1 | $ 440.00 | 0.275 | $ 110.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/7/2009 | Kellett | 11 | $ 4,400.00 | 2.75 | $ 1,100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/8/2009 | Kellett | 6.2 | $ 2,480.00 | 1.55 | $ 620.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/10/2009 | Kellett | 1.6 | $ 640.00 | 0.4 | $ 160.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/13/2009 | Kellett | 1.9 | $ 760.00 | 0.475 | $ 190.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/14/2009 | Kellett | 2.7 | $ 1,080.00 | 0.675 | $ 270.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/19/2009 | Kellett | 4.9 | $ 1,960.00 | 1.225 | $ 490.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/22/2009 | Kellett | 0.2 | $ 80.00 | 0.05 | $ 20.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/26/2009 | Kellett | 0.3 | $ 120.00 | $ 0.08 | $ 30.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/27/2009 | Kellett | 3.7 | $ 1,480.00 | 0.925 | $ 370.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/28/2009 | Kellett | 7.6 | $ 3,040.00 | 1.9 | $ 760.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 5/29/2009 | Kellett | 7.1 | $ 2,840.00 | 1.775 | $ 710.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/2/2009 | Kellett | 9 | $ 3,600.00 | 2.25 | $ 900.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/3/2009 | Kellett | 10.8 | $ 4,320.00 | 2.7 | $ 1,080.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/4/2009 | Kellett | 7.2 | $ 2,880.00 | 1.8 | $ 720.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/5/2009 | Kellett | 7.6 | $ 3,040.00 | 1.9 | $ 760.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/6/2009 | Kellett | 4.3 | $ 1,720.00 | 1.075 | $ 430.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/7/2009 | Kellett | 0.7 | $ 280.00 | 0.175 | $ 70.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/8/2009 | Kellett | 3.5 | $ 1,400.00 | 0.875 | $ 350.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | | | | | | Note |
|---|---|---|---|---|---|---|---|
| 6/9/2009 | Kellett | 2.4 | $ | 960.00 | 0.6 | $ | 240.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/9/2009 | Tucker | 9 | $ | 1,215.00 | 2.25 | $ | 303.75 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/10/2009 | Kellett | 4.2 | $ | 1,680.00 | 1.05 | $ | 420.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/11/2009 | Kellett | 4.4 | $ | 1,760.00 | 1.1 | $ | 440.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/12/2009 | Kellett | 0.5 | $ | 200.00 | 0.125 | $ | 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/14/2009 | Kellett | 4.3 | $ | 1,720.00 | 0 | $ | 860.00 | Discounted rate by 1/2 for travel |
| 6/14/2009 | Kellett | 2.5 | $ | 1,000.00 | 0.625 | $ | 250.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/15/2009 | Kellett | 3.5 | $ | 1,400.00 | 0.875 | $ | 350.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/16/2009 | Kellett | 0.9 | $ | 360.00 | 0.225 | $ | 90.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/17/2009 | Kellett | 3.5 | $ | 1,800.00 | 0.875 | $ | 350.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/18/2009 | Kellett | 1.7 | $ | 680.00 | 0.425 | $ | 170.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/19/2009 | Kellett | 2.9 | $ | 1,160.00 | 0.725 | $ | 290.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/22/2009 | Kellett | 8.4 | $ | 3,360.00 | 2.1 | $ | 840.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/23/2009 | Kellett | 10.2 | $ | 4,080.00 | 2.55 | $ | 1,020.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/24/2009 | Kellett | 7.6 | $ | 3,040.00 | 1.9 | $ | 760.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/25/2009 | Kellett | 6.4 | $ | 2,560.00 | 1.6 | $ | 640.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/26/2009 | Kellett | 5.4 | $ | 2,160.00 | 1.35 | $ | 540.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/27/2009 | Kellett | 1.2 | $ | 480.00 | 0.3 | $ | 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/29/2009 | Kellett | 8.9 | $ | 3,560.00 | 2.225 | $ | 890.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/30/2009 | Kellett | 5.6 | $ | 2,240.00 | 0 | $ | 1,120.00 | Discounted rate by 1/2 for travel |
| 6/30/2009 | Kellett | 4.4 | $ | 1,760.00 | 1.1 | $ | 440.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/1/2009 | Kellett | 10.2 | $ | 4,080.00 | 2.55 | $ | 1,020.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/2/2009 | Kellett | 4.2 | $ | 1,680.00 | 1.05 | $ | 420.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/2/2009 | Kellett | 5.5 | $ | 2,200.00 | 0 | $ | 1,100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/3/2009 | Kellett | 0.9 | $ | 360.00 | 0.225 | $ | 90.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/6/2009 | Kellett | 9.9 | $ | 3,960.00 | 2.475 | $ | 990.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/7/2009 | Kellett | 12.6 | $ | 5,040.00 | 3.15 | $ | 1,260.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/8/2009 | Kellett | 9.1 | $ | 3,640.00 | 2.275 | $ | 910.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/10/2009 | Kellett | 0.9 | $ | 360.00 | 0.225 | $ | 90.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/16/2009 | Kellett | 9 | $ | 3,600.00 | 2.25 | $ | 900.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/19/2009 | Kellett | 5 | $ | 2,000.00 | 1.25 | $ | 500.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/20/2009 | Kellett | 13.5 | $ | 5,400.00 | 3.375 | $ | 1,350.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | Hours | Amount | | Adj. Hours | Adj. Amount | | Notes |
|---|---|---|---|---|---|---|---|---|
| 7/22/2009 | Kellett | 1.7 | $ | 680.00 | 0.425 | $ | 170.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/22/2009 | Kellett | 7.5 | $ | 3,000.00 | 0 | $ | 1,500.00 | Discounted rate by 1/2 for travel |
| 7/24/2009 | Kellett | 14.8 | $ | 5,920.00 | 3.7 | $ | 1,480.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/25/2009 | Kellett | 7.8 | $ | 3,120.00 | 1.95 | $ | 780.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/26/2009 | Kellett | 101.1 | $ | 4,040.00 | 2.525 | $ | 1,010.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/28/2009 | Kellett | 7.3 | $ | 2,920.00 | 1.825 | $ | 730.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/28/2009 | Kellett | 3 | $ | 1,200.00 | 0 | $ | 600.00 | Discounted rate by 1/2 for travel |
| 7/29/2009 | Kellett | 1.2 | $ | 480.00 | 0.3 | $ | 120.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/30/2009 | Kellett | 1.5 | $ | 600.00 | 0.375 | $ | 150.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 7/31/2009 | Kellett | 9.5 | $ | 3,800.00 | 2.375 | $ | 950.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/1/2009 | Kellett | 1.3 | $ | 520.00 | 0.325 | $ | 130.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/3/2009 | Kellett | 2.3 | $ | 920.00 | 0.575 | $ | 230.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/4/2009 | Kellett | 6.5 | $ | 2,600.00 | 1.625 | $ | 650.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/6/2009 | Kellett | 2.6 | $ | 1,040.00 | 0.65 | $ | 260.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/7/2009 | Kellett | 2.9 | $ | 1,160.00 | 0.725 | $ | 290.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/10/2009 | Kellett | 3.4 | $ | 1,360.00 | 0.85 | $ | 340.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/10/2009 | Tucker | 2.9 | $ | 391.50 | 0.725 | $ | 97.88 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/11/2009 | Kellett | 3.3 | $ | 1,320.00 | 0.825 | $ | 330.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/12/2009 | Kellett | 7.2 | $ | 2,880.00 | 1.8 | $ | 720.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/13/2009 | Kellett | 0.3 | $ | 120.00 | 0.075 | $ | 30.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/14/2009 | Kellett | 0.4 | $ | 160.00 | 0.1 | $ | 40.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/15/2009 | Kellett | 2.5 | $ | 1,000.00 | 0 | $ | 500.00 | Discounted rate by 1/2 for travel |
| 8/15/2009 | Kellett | 5 | $ | 2,000.00 | 1.25 | $ | 500.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/16/2009 | Kellett | 10 | $ | 4,000.00 | 2.5 | $ | 1,000.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/17/2009 | Kellett | 8.9 | $ | 3,560.00 | 2.225 | $ | 890.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/18/2009 | Kellett | 4 | $ | 1,600.00 | 1 | $ | 400.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/18/2009 | Kellett | 2.5 | $ | 1,000.00 | 0 | $ | 500.00 | Discounted rate by 1/2 for travel |
| 8/19/2009 | Kellett | 0.7 | $ | 280.00 | 0.175 | $ | 70.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/20/2009 | Kellett | 0.4 | $ | 160.00 | 0.1 | $ | 40.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/25/2009 | Kellett | 2.1 | $ | 840.00 | 0.525 | $ | 210.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/26/2009 | Kellett | 3.6 | $ | 1,440.00 | 0.9 | $ | 360.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/27/2009 | Kellett | 4.9 | $ | 1,960.00 | 1.225 | $ | 490.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 8/28/2009 | Kellett | 3.6 | $ | 1,440.00 | 0.9 | $ | 360.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | Hours | Amount | | Hours | Amount | | Notes |
|---|---|---|---|---|---|---|---|---|
| 8/31/2009 | Kellett | 8.6 | $ | 3,440.00 | 2.15 | $ | 860.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/1/2009 | Kellett | 5 | $ | 2,000.00 | 0 | $ | 1,000.00 | Discounted rate by 1/2 for travel |
| 9/1/2009 | Kellett | 5 | $ | 2,000.00 | 1.25 | $ | 500.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/2/2009 | Kellett | 10.2 | $ | 4,080.00 | 2.55 | $ | 1,020.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/3/2009 | Kellett | 10 | $ | 4,000.00 | 2.5 | $ | 1,000.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/14/2009 | Kellett | 7.6 | $ | 3,040.00 | 1.9 | $ | 760.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/15/2009 | Kellett | 6.9 | $ | 2,760.00 | 1.725 | $ | 690.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/16/2009 | Kellett | 5.2 | $ | 2,080.00 | 1.3 | $ | 520.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 9/17/2009 | Kellett | 5.2 | $ | 2,080.00 | 1.3 | $ | 520.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/1/2009 | Kellett | 5.8 | $ | 2,320.00 | 1.45 | $ | 580.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/2/2009 | Kellett | 4.1 | $ | 1,640.00 | 1.025 | $ | 410.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/5/2009 | Kellett | 7.2 | $ | 2,880.00 | 1.8 | $ | 720.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/6/2009 | Kellett | 9.3 | $ | 3,720.00 | 2.325 | $ | 930.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/7/2009 | Kellett | 9.1 | $ | 3,640.00 | 2.275 | $ | 910.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/8/2009 | Kellett | 7.3 | $ | 2,920.00 | 1.825 | $ | 730.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/9/2009 | Kellett | 6.4 | $ | 2,560.00 | 1.6 | $ | 640.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/10/2009 | Kellett | 13.2 | $ | 5,280.00 | 3.3 | $ | 1,320.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/11/2009 | Kellett | 2.9 | $ | 1,160.00 | 0.725 | $ | 290.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/12/2009 | Kellett | 10.6 | $ | 4,240.00 | 2.65 | $ | 1,060.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/13/2009 | Kellett | 2.5 | $ | 1,000.00 | 0.625 | $ | 250.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/14/2009 | Kellett | 5.5 | $ | 2,200.00 | 1.375 | $ | 550.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/15/2009 | Kellett | 7 | $ | 2,800.00 | 1.75 | $ | 700.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/16/2009 | Kellett | 4.6 | $ | 1,840.00 | 1.15 | $ | 460.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/17/2009 | Kellett | 11 | $ | 4,400.00 | 2.75 | $ | 1,100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/18/2009 | Kellett | 15 | $ | 6,000.00 | 3.75 | $ | 1,500.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/19/2009 | Kellett | 15.2 | $ | 6,080.00 | 3.8 | $ | 1,520.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/20/2009 | Kellett | 6.2 | $ | 2,480.00 | 1.55 | $ | 620.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/20/2009 | Kellett | 4.5 | $ | 1,800.00 | 0 | $ | 900.00 | Discounted rate by 1/2 for travel |
| 10/26/2009 | Kellett | 2.1 | $ | 840.00 | 0.525 | $ | 210.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/27/2009 | Kellett | 3.8 | $ | 1,520.00 | 0.95 | $ | 380.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 10/28/2009 | Kellett | 1 | $ | 400.00 | 0.25 | $ | 100.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/2/2009 | Kellett | 0.5 | $ | 200.00 | 0.125 | $ | 50.00 | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |

| Date | Name | Hours | | Amount | | Adj Hours | | Adj Amount | | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/4/2009 | Kellett | 7.5 | $ | 3,000.00 | | 1.875 | $ | 750.00 | | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/5/2009 | Kellett | 6.9 | $ | 2,760.00 | | 1.725 | $ | 690.00 | | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/6/2009 | Kellett | 4.7 | $ | 1,880.00 | | 1.175 | $ | 470.00 | | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/12/2009 | Drain | 1.2 | $ | 210.00 | | 0.3 | $ | 52.50 | | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 11/13/2009 | Drain | 1.1 | $ | 192.50 | | 0.275 | $ | 48.13 | | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/13/2009 | Kellett | 5 | $ | 2,000.00 | | 0 | $ | 1,000.00 | | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |
| 12/14/2009 | Drain | 2 | $ | 350.00 | | 0.5 | $ | 87.50 | | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 12/16/2009 | Kellett | 5 | $ | 2,000.00 | | 0 | $ | 1,000.00 | | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |
| 12/13/2009 | Bartholow | 5 | $ | 1,250.00 | | 0 | $ | 625.00 | | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |
| 12/16/2009 | Bartholow | 5 | $ | 1,250.00 | | 0 | $ | 625.00 | | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |
| 6/7/2010 | Kellett | 1 | $ | 400.00 | | 0.25 | $ | 100.00 | | Where ambiguous, disallowed 25% for issues on which Plaintiffs did not prevail |
| 6/7/2010 | Bartholow | 1.5 | $ | 375.00 | | 0.75 | $ | 187.50 | | Discounted by one-half for duplicative interoffice communication plus lumped so unable to accurately ascertain time for interoffice communication |
| 6/8/2010 | Kellett | 0.6 | $ | 240.00 | | 0.5 | $ | 200.00 | | Disallowed .50 as duplicative interoffice communication |
| 7/23/2010 | Kellett | 0.5 | $ | 200.00 | | 0.5 | $ | 200.00 | | Disallowed as duplicative interoffice communication |
| 11/2/2010 | Kellett | 0.5 | $ | 200.00 | | 0.5 | $ | 200.00 | | Disallowed as duplicative interoffice communication |
| 2/5/2012 | Kellett | 12 | $ | 5,400.00 | | 0 | $ | 2,700.00 | | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court discounted entire entry by 1/2 due to inability to differentiate |
| 2/5/2012 | Bartholow | 8 | $ | 2,600.00 | | 0 | $ | 1,300.00 | | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court discounted entire entry by 1/2 due to inability to differentiate |
| 2/8/2012 | Kellett | 4 | $ | 1,800.00 | | 0 | $ | 900.00 | | Discounted rate by 1/2 for travel |
| 2/8/2012 | Bartholow | 4 | $ | 1,100.00 | | 0 | $ | 550.00 | | Discounted rate by 1/2 for travel |
| 10/10/2012 | Kellett | 0.5 | $ | 225.00 | | 0.5 | $ | 225.00 | | Disallowed as duplicative interoffice communication |
| 11/18/2012 | Kellett | 2 | $ | 900.00 | | 0 | $ | 450.00 | | Discounted rate by 1/2 for travel |
| 11/18/2012 | Bartholow | 4 | $ | 1,300.00 | | 0 | $ | 650.00 | | Discounted rate by 1/2 for travel |
| 11/19/2012 | Kellett | 5 | $ | 2,250.00 | | 0 | $ | 1,125.00 | | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |
| 11/19/2012 | Bartholow | 5 | $ | 1,625.00 | | 0 | $ | 812.50 | | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1/30/2013 | Kellett | 0.4 | $ 200.00 | 0.4 | $ 200.00 | Disallowed as duplicative interoffice communication |
| 4/11/2013 | Kellett | 5 | $ 2,500.00 | 0 | $ 1,250.00 | Discounted rate by 1/2 for travel |
| 4/12/2013 | Kellett | 5 | $ 2,500.00 | 0 | $ 1,250.00 | Discounted rate by 1/2 for travel--this entry was vague and lumped travel with other tasks, court made equitable division based on previous travel entries |
| 6/27/2013 | Bartholow | 0.8 | $ 280.00 | 0.8 | $ 280.00 | Disallowed as duplicative interoffice communication |
| 7/24/2013 | Kellett | 0.3 | $ 150.00 | 0.3 | $ 150.00 | Disallowed as duplicative interoffice communication |
| 8/14/2013 | Kellett | 0.5 | $ 250.00 | 0.5 | $ 250.00 | Disallowed as duplicative interoffice communication |
| 9/12/2013 | Bartholow | 1.2 | $ 420.00 | 1.2 | $ 420.00 | Disallowed as duplicative interoffice communication |